

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2005

# USA v. Jamas Day Care Ctr

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4586

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

### Recommended Citation

"USA v. Jamas Day Care Ctr" (2005). *2005 Decisions*. Paper 366.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/366

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 04-4586
_____

UNITED STATES OF AMERICA

v.

JAMAS DAY CARE CENTER CORP., INC.,

<u>Appellant</u>


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 03-cv-06010)
District Judge: Honorable Faith S. Hochberg
_____


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 20, 2005

BEFORE: SCIRICA, <u>Chief Judge</u>, VAN ANTWERPEN and
ALDISERT, <u>Circuit Judges</u>

(Filed October 21, 2005)


_____


OPINION OF THE COURT
_____

VAN ANTWERPEN, <u>Circuit Judge</u>

I.

Because we write solely for the parties, we recount only the relevant facts.  The United States sought to reduce to judgment tax, penalty and interest assessments against Appellant Jamas Daycare Center Corp., Inc. ("Jamas").  Among these assessments were employment (FICA) and unemployment (FUTA) taxes, as well as penalties and interest, for various time periods between 1988 and 2003.  The United States claims that Jamas had a total indebtedness with respect to these assessed liabilities in the amount of $534,217.96, including payments and credits that the Internal Revenue Service ("IRS") applied to reduce the balances due.  Jamas, however, claimed that it paid $127,992.06 towards its total indebtedness and the IRS failed to properly credit those payments.

The United States filed a motion for summary judgment supported by an affidavit of T. Corcoran, Manager, Technical Services Advisory, and the Declaration of Lawrence Blaskopf with certificates of assessments and payments (Forms 4340) attached.  Jamas opposed the motion on the ground that the assessment amount should be reduced, and supported his argument with an affidavit of Richard Costa, CPA, along with summary sheets that tallied copies of money orders and checks totaling $127,992.06.  Jamas argued that there was a reasonable dispute as to whether the IRS had properly credited all such payments to the tax periods at issue.  The government responded with a declaration of Joseph Martone, which accounted for all the payments that Jamas claimed were not

2

properly credited. The District Court granted summary judgment and Jamas timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1340 & 1345. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review of an appeal from a grant of summary judgment and apply the same test the District Court should have used initially, viewing the facts in a light most favorable to the nonmoving party. Olson v. GE Astrospace, 101 F.3d 947, 951 (3d Cir. 1996).

## III.

By virtue of Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (2005). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In order to demonstrate the existence of a genuine issue of material fact, the nonmovant must supply sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." Olson, 101 F.3d at 951 (citing Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 148

(3d Cir. 1993)).

Here, the United States submitted affidavits with certificates of assessments detailing the taxes, penalties and interest owed by Jamas. "Assessments are presumed to be valid, and establish a prima facie case of liability against a taxpayer." United States v. Green, 201 F.3d 251, 253 (3d Cir. 2000); see also Freck v. IRS, 37 F.3d 986, 992 (3d Cir. 1994). Jamas responded with an affidavit of its own, and evidence of payments made by Jamas to the government.

In general, the United States does not dispute that Jamas made those payments to the government.[1] However, it offered further evidence that those payments were credited to Jamas and explained that the payments did not have any bearing upon Jamas's total assessment. Jamas does not dispute the government's explanation, nor does it offer any evidence that these payments were not credited in the manner suggested. Consequently, even drawing all reasonable inferences in its favor, Jamas's allegations that payments were not properly credited amount to nothing more than mere speculation, and are insufficient to warrant a trial. Sterling Nat'l Mortg. Co. v. Mortgage Corner, 97 F.3d 39, 45 (3d Cir. 1996). The Order of the District Court is affirmed.

---

[1] Actually, the government stated that five checks, nos. 1685, 1967, 1611, 1663 and 1671, were either made out to a Mr. Williams, or cash, and that one check was returned unpaid. Again, Jamas does not dispute the government's contention. Given that Jamas has presented no documentary or testamentary evidence that those checks in dispute represented funds paid to the government, we cannot credit those checks as evidence of payment. Olson, 101 F.3d at 951 (explaining that nonmovant must supply sufficient evidence – not mere allegations – for a reasonable jury to find in his favor.).

4